UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE RAYMOND,

    Plaintiff/Counter-Defendant,

v.

Civil Case No. 18-13760
Honorable Linda V. Parker

RENEW THERAPEUTIC MASSAGE,
INC. et al.

    Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER GRANTING DEFENDANT/COUNTER-PLAINITFFS' MOTION *IN LIMINE* (ECF NO. 44) AND GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION *IN LIMINE* (ECF NO. 45)**

On December 4, 2018, Plaintiff Marie Raymond ("Raymond") filed this action claiming that Renew Therapeutic Massage, Inc., Renew Therapeutic Massage, LLC, and Natalie Catt (collectively "Renew"), violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay overtime compensation for hours worked beyond 40 hours per week and misclassifying her as an independent contractor. (ECF No. 1.) On February 5, 2019, Renew filed a Counter Claim alleging that Raymond violated restrictive covenants within a written agreement not to solicit Renews' clients. (ECF No. 6.) On February 20, 2020, Renew filed a Motion for Summary Judgment (ECF No. 21) that was later

withdrawn by stipulation (ECF No. 32) and re-filed on January 8, 2021. (ECF No. 33.) On the same day, Raymond also filed her Motion for Summary Judgment. (ECF No. 34.) On March 18, 2022, the Court issued an "Opinion and Order (1) Denying Plaintiff/Counter-Defendant's Motion for Summary Judgment and (2) Granting in Part and Denying in Part Defendants'/Counter-Plaintiffs' Motion for Summary Judgment." (ECF No. 39.) Specifically, the court dismissed Raymond's claim of intentional infliction of emotional distress. (*Id.*)

This matter is presently before the Court on Renews' Motion *in Limine* seeking to exclude evidence, references, testimony, or argument relating to Defendants' delayed payments of Plaintiff's final paycheck. (ECF No. 44.) Also, this matter is presently before the Court on Raymond's M*otion in Limine* seeking to exclude evidence or testimony related to advice of counsel regarding Renews' classification of Raymond as an independent contractor and not a W-2 employee, except for evidence related to Ms. Catt's deposition testimony that Renew was told to convert its independent contractors to employees. (ECF No. 45.) The motions are fully briefed. (ECF Nos. 46, 47.)

For the reasons that follow, the Court is granting Renews' Motion *in Limine* and granting Raymond's Motion *in Limine*.

2

**Background**

In the Complaint, Raymond alleges the following claims: (1) Renew violated the FLSA when it misclassified her as an independent contractor; (2) Renew failed to pay her overtime compensation up to three years prior to the initiation of the lawsuit; and (3) as a result, caused Raymond to suffer severe and serious emotional distress. (ECF No. 1 at Pg ID 7–8, ¶¶ 47–53.) During the final pretrial conference and again at the subsequent status conference, Raymond's counsel represented to the Court that Renew withheld Raymond's final paycheck for approximately eighteen (18) months before eventually providing payment. According to Renew, in order to compensate Raymond for her delay, Renew not only provided Raymond with the pay check but also paid interest on her earnings. (ECF No. 44 at Pg ID 1442.)

Additionally, during the pretrial conference, Renews' counsel represented that he intended to defend against Raymond's FLSA claims and damages by using the advice of counsel defense. According to Raymond, during a deposition on May 23, 2019, Ms. Catt admitted that she was advised by her legal counsel (Chad Kotbra) that she needed to convert her independent contractors to W-2 employees (N. Catt Dep., Ex. 2, ECF No. 45-2 at Pg ID 1484.) However, when asked further about Mr. Kotbra's advice, Renew asserted the attorney-client privilege.

## Legal Standard

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Prior to the commencement of trial, this District notes that motions *in limine* serve the following purposes:

> [To] (i) facilitate trial preparation by providing information pertinent to strategic decisions; (ii) reduce distractions during trial and provide for a smoother presentation of evidence to the jury; (iii) enhance the possibility of settlement of disputes without trial; (iv) provide some additional insulation of the jury from prejudicial inadmissible evidence; and (v) improve the conditions under which the trial judge must address evidence issues by reducing the need for hasty decisions during the heat of trial.

*Gonzalez Prod. Sys., Inc. v. Martinrea Int'l Inc.*, No. 13-CV-11544, 2015 WL 4934628, at *2 (E.D. Mich. Aug. 18, 2015) (citing *Figgins v. Advance Am. Cash Advance Centers of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007).

A district court's ruling on such a motion is "a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States* v. *Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). District courts have "broad discretion" over matters involving the admissibility of evidence at trial. *United States v. Chambers*, 441 F.3d 438, 455 (6th Cir. 2006) (quotations and

citation omitted). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce*, 469 U.S. at 41 n.4.

As an initial step, when analyzing admissibility, a court must consider whether the evidence is relevant. Under the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit emphasizes that the threshold for determining the relevancy of evidence is low. *See United States v. Lang*, 717 F. App'x 523, 530 (6th Cir. 2017) (stating that "evidence is relevant if it 'advance[s] the ball' one inch") (quoting *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009) (describing the relevance standard as "extremely liberal")). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington,* 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

In contrast, irrelevant evidence is not admissible. Fed. R. Evid. 402. Further, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

5

cumulative evidence." Fed. R. Evid. 403; *see also Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998) (Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." (emphasis in original). "District courts enjoy 'broad discretion' in making the prejudice determination." *United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (quoting *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004)).

## Renews' Motion *in Limine*

Renew maintains that the evidence and arguments related to Raymond's last paycheck is irrelevant because it does not support her FLSA claim. In response, Raymond maintains that the delayed check is relevant because (1) it is evidence of a violation of the FLSA for a failure to pay Raymond a minimum wage for her work and (2) it is probative to "willfulness" in support for her liquidated damages calculations. (Pls. Resp., ECF No. 46 at Pg ID 1494.) First, Raymond points to the FLSA statute noting that "[t]he FLSA requires . . . employers to pay employee . . . a wage consistent with the minimum wage," to support her argument that evidence of the delayed check is relevant, (*Id*.), yet in her Complaint, does not allege a minimum wage violation. Specifically, the Complaint alleges that "Defendants violated the law by misclassifying Plaintiff as an independent contractor, resulting in Plaintiff suffering *unpaid wages* and loss of employee benefits, and illegal tax treatment of her pay." (ECF No. 1 at Pg ID 2.) The

6

Complaint later details exactly what the unpaid wages were that Raymond alleges: "Defendants failure to pay Plaintiff overtime compensation at 1 ½ times her regular rate of pay owed to her during the three-year period preceding the filing of this Complaint violates the FLSA, 29 U.S.C. §207." (*Id.* at Pg ID 7, ¶4.) As such, the Court is not convinced of the relevance of a delayed paycheck to support claims that Raymond never asserted.

Next, Raymond's argument that the evidence of the delayed check is probative of Renews' alleged "willfulness" to violate the FLSA, and is therefore relevant, is unsupported. Evidence of the 18-month delay in paying Raymond the final paycheck, albeit an inexcusably long delay, amounts to nothing more than a delay in payment. The Court does not agree that this is relevant to show that Renew "willfully" sought to not pay Raymond overtime pay. Admitting the evidence of the 18-month delay of a paycheck would not provide "any tendency to make a fact more or less probable" as it relates to Raymond's remaining claims. In other words, nothing about the delay, or even the alleged withholding of the check, would be relevant to a determination of whether an employee-employer relationship existed between Raymond and Renew, or whether Raymond worked more than 40 hours per week to be entitled to overtime compensation. Further, if a delay in receiving her check was relevant to her claims, Raymond would have asserted this fact in the initial Complaint, or any of her other pleadings to the

7

Court.[1] The fact that the Court just learned of this matter as being of importance to Raymond in the pretrial conference assumes that even Raymond did not believe the delayed check was an issue relevant to her lawsuit.

Finally, Renew maintains that even if the evidence and argument regarding Raymond's check is relevant to the ultimate issues in this case, admittance would be unfairly prejudicial to Renew and would create "significant confusion of the issues before the jury." (ECF No. 44 at Pg ID 1145.) The Court agrees. If evidence pertaining to the delayed check is offered, it could clearly sway the jury and paint a picture of Renew being "bad actors," which would create unfair prejudice and has a high likelihood to confuse the jury as to the issues upon which they should be focused; namely the elements required to prove Raymond's FLSA claims. The Court finds that this information is irrelevant, unfairly prejudicial, and will potentially confuse the jury, and as such, should not be presented at trial.

### Raymond's Motion *in Limine*

In Support of her Motion *in Limine*, Raymond asserts the following arguments:

> A. Defendants never asserted the affirmative defense of advice of legal counsel.
>
> …

---

[1] In her motion for summary judgement of Renews' counterclaim, (ECF No. 34,) Raymond listed the delayed paycheck under "The Facts prompting the Counterclaim," but never proffered the evidence as being of any importance to her own FLSA claims.

> B. Even if Defendants had asserted an advice of counsel affirmative defense, they produced no evidence to make such the [sic] significant showing to support to be entitled to the defense or to comply with the procedural requirements applicable to expert opinions.
>
> …
>
> C. Defendants refused to answer questions relating to their purported advise [sic] of counsel defense in discovery. Sixht [sic] Circuit Law, however, prevents Defendants from using the attorney-client privilege as a shield and later as a sword.

(ECF No. 45 at Pg ID 1459-64.)

Overall, it appears to the Court that Raymond is arguing the exclusion of the evidence because, if admitted, it would be used to support a finding that Renew acted in good faith when it allegedly misclassified Raymond, which by statute, prevents the Court from assessing liquidated damages.

**FLSA Liquidated Damages**

Under 29 U.S.C. § 216(b), "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." "Although liquidated damages are the norm and have even been referred to as '*mandatory*,' Congress has provided the courts with some discretion to limit or deny liquidated damages." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004) (citing 29 U.S.C. § 260) A district court may deny

9

liquidated damages to the prevailing plaintiff if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 260)). "This burden on the employer is substantial and requires 'proof that [the employer's] failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [it] more than a compensatory verdict.'" *Id.* (quoting *McClanahan v. Mathews*, 440 F.2d 320, 332 (6th Cir. 1971)) (alteration in original)

### FLSA Good Faith Requirement

Under the Sixth Circuit, "[t]o prove that it acted in good faith, an employer "must show that [it] took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions." *Martin,* 381 F.3d at 584. "Establishing that the employer did not willfully misclassify an employee is insufficient to show good faith." *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d 838, 856 (6th Cir. 2019) (citing *Elwell*, 276 F.3d at 841 n.5.). Rather, "[t]he employer has an affirmative duty to ascertain and meet the FLSA's requirements, and an employer who negligently misclassifies an employee as exempt is not acting in good faith." *Id.*

## Raymond's Arguments

### A. Renew failed to raise the Advice of Counsel Defense until the Hearing

First, Raymond argues that Renew never identified an advice of counsel affirmative defense on the record. (*See* Affirmative Defenses, ECF No. 5, pg. ID 21.) Fed. R. Civ. P. 8(c) requires that in response to a pleading, "a party must affirmatively state any avoidance or affirmative defense . . . ." This district takes a "liberal" position on the pleading rules. *See Baker v. City of Detroit*, 483 F. Supp. 919, 921 (E.D. Mich. 1979), *aff'd sub nom. Bratton v. City of Detroit*, 704 F.2d 878 (6th Cir. 1983). Where courts do not require the use of "the magic words affirmative defense," the focus, "[m]ost importantly," is on "whether the Court and the parties were aware of the issues involved." *Id.* "The requirement that affirmative defenses be specifically pleaded is based on notions of fair play." *Id.* Additionally, this District provides exceptions to the pleading requirement:

> [a]n affirmative defense is not waived, even though not specifically pleaded, where it is based upon the opposing party's own proofs or pleadings, where there was no opportunity to raise it in the pleadings, or where it is tried by express or implied consent of the opposing party. The majority of cases also hold that affirmative defenses may properly be raised by motion to dismiss or for summary judgment, and that absent prejudice, leave to amend the pleadings to include an affirmative defense should be freely granted.

11

*Mazur v. Young*, No. 05-10109-BC, 2006 WL 724807, at *4 (E.D. Mich. Mar. 17, 2006), *aff'd,* 507 F.3d 1013 (6th Cir. 2007) (quoting *Overseas Motors, Inc. v. Import Motors Ltd., Inc.*, 375 F. Supp. 499, 512-13 (E.D. Mich. 1974)).

Here, the exceptions to the requirement that an affirmative defense must be specifically pled do not apply. First, the advice of counsel defense is not based on Raymond's own proofs or pleadings as she never represented to the Court that she would rely on such information.[2] Second, Renew had numerous opportunities to raise the advice of counsel defense in its pleadings but did not. Third, there is no record of express or implied consent by Raymond. Finally, the advice of counsel defense was not raised in any further pleadings on the record, nor did Renew motion the Court to amend the pleadings. As such, allowing Renew to produce evidence or testify to the advice of counsel defense at trial would be highly prejudicial as Raymond has no prior notice, which is opposite of the "notions of fair play" *See Baker*, 483 F. Supp. at 921.

**B.  Renew has not provided any evidence in support of their defense and failed to comply with the Federal Rules of Civil Procedure**

---

[2] The Court notes that Raymond did request liquidated damages in her Complaint. However, merely requesting liquidated damages as a prayer for relief, along with other damages, does not manifest an awareness that the advice of counsel defense may be presented approximately one week before trial. *See Mazur*, 2006 WL 724807 at *4 (finding that the pleading exception applied because "the plaintiff ha[d] been aware of this defense since mediation" and "failed to identify a way in which he [would have been] prejudiced by [the] defense.").

12

Next, Raymond maintains that even if Renew did assert the advice of counsel defense, Renew has not provided any evidence in support nor have they "complied with the [p]rocedural requirements applicable to expert opinions." (ECF No. 45 at Pg ID 1463–64.) A party relying on an advice of counsel defense "must by some specific act or assertion put the *content* of that advice behind its claim of good faith-making it 'a factual basis of a ... defense.'" *Henry v. Quicken Loans, Inc.*, No. 04-40346, 2008 WL 2610180, at *4 (E.D. Mich. June 30, 2008), *aff'd,* 263 F.R.D. 458 (E.D. Mich. 2008) (citation omitted). Under Rule 26 of the Federal Rules of Civil Procedure, parties are required to provide initial disclosures identifying the name of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(i). Rule 26(e)(1)(A) provides that parties are required to "supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Under Rule 37, [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

13

trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Other than the deposition testimony of Ms. Catt admitting that she was advised by counsel that she needed to convert the independent contractors to employees, nothing on the record comes close to offering any support to the advice of counsel defense—that the same attorney originally told Renew to classify Raymond as an independent contractor. Further, Raymond maintains that Renew has not provided the names of any attorneys who will testify to the advice of counsel. Without any justification or a showing that the failure was harmless, any evidence or testimony would require exclusion. Thus, admitting such evidence would be prejudicial to Raymond because she never received any prior evidence to prepare for trial as required under Federal Rules 26(e) and (a).

## C. Renew previously asserted attorney-client privilege over the same information that it now attempts to use at trial.

Finally, Raymond maintains that any evidence and testimony regarding legal advice provided to Renew regarding classifying Raymond as an independent contractor should be barred because Renew refused to allow Raymond to inquire about the legal advice obtained by Ms. Catt in a deposition, asserting attorney-client privilege. "As a general principle, when clients testify about their reliance on legal advice, they put that legal advice "in issue" and thereby waive any attorney-client privilege regarding that subject." *Lindsey v. Tire Discounters, Inc.*,

14

No. 2:15-CV-3065, 2022 WL 2791470, at *3 (S.D. Ohio May 23, 2022); *See also Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 462 n.2, 467–68 (E.D. Mich. 2008) (finding the assertion of a good-faith advice of counsel defense in an FLSA suit waived the attorney-client privilege for communications regarding the classification issue); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 616 (S.D.N.Y. 2014) (finding FLSA defendant put attorney-client communications about classification at issue by asserting the good-faith defense, thereby waiving the attorney-client privilege as to those communications); *cf. In re Lott*, 424 F.3d 446 (6th Cir. 2005) ("The privilege is held to be waived when a client attacks the quality of his attorney's advice through, for example, a civil defendant's pleading of an advice-of-counsel defense...." (Internal quotation marks and citation omitted)).

The Sixth Circuit has concluded that attorney-client privilege is impliedly waived if a party alleges the advice of counsel defense. *See In re Lott*, 424 F.3d 446, 454 (6th Cir. 2005) (noting that "[t]he attorney-client privilege cannot at once be used as a shield and a sword.") The underpinning of this notion is that litigants should not be allowed to hide behind an assertion of privilege if they relied on attorney-client communications "to make their case." *Id.* Here, the reverse is also true. A defendant, in this case Renew, is not allowed to claim attorney-client privilege for communications regarding advice received from counsel about

15

converting the independent contractors to employees during depositions but rely on this same information as an affirmative defense that the attorney told her to classify Raymond as an independent contractor; seemingly to avoid liquidated damages. As this District has noted, one of the purposes of motions *in limine* are to "facilitate trial preparation by providing information pertinent to strategic decisions." *Figgins*, 482 F. Supp. 2d at 865. Providing a last-minute affirmative defense does the exact opposite of facilitate trial preparation—it hinders it. As such, it would be unfair to Raymond to argue against a defense regarding communications that she was prevented from inquiring about during discovery.

### Conclusion

For the reasons set forth above, the Court holds that any evidence related to delayed payments to Raymond is irrelevant, unfairly prejudicial, and has the potential to confuse the jury. The Court also holds that any evidence related to Renews' advice of counsel defense, specifically, the legal advice to classify Raymond as an independent contractor is unfairly prejudicial, was improperly pled, and fails to comply with the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED,** that Renews' Motion *in Limine* (ECF No. 44) to exclude evidence, references, testimony, or arguments relating to Renews' delayed payments is **GRANTED.**

**IT IS FURTHER ORDERED,** that Raymond's Motion *in Limine* (ECF No. 45) to exclude evidence or testimony related to the advice of legal counsel provided to Renew when it classified Raymond as an independent contractor and not a W-2 employee is **GRANTED.**

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: October 28, 2022